SAMUEL ROOME AND CASPARUS DODD, Surviving Executors of HARMANUS COUNTER, Dec'd, *against* ISAAC COUNTER.

### IN ERROR.

Harmanus Counter, the testator, had two sons, Henry and Peter, and five daughters, Sarah, Anna, Susannah, Elizabeth, and one who was deceased. Peter, one of the sons, died before the date of the testator's will, leaving ten children, who were living at the time of this trial. After making provision for all the surviving children, and having given, also, the plantation on which Peter had lived in his lifetime to two of his sons, the testator makes the following bequest: "*Item,* it is my will, that all the remainder of my moveable estate shall be equally divided: that is to say, Henry Counter, and the heirs of my son Peter Counter, Amos Roome, Susannah Berry, Elizabeth Dodd, and Sarah Counter." The children of Peter Counter take *per stirpes,* and not *per capita.*

This case came before the court on a writ of error from the Common Pleas of Morris county. The following errors were assigned for the reversing the judgment of the Common Pleas:

Roome et al. *v.* Counter.

1. For that the said judges of the said Inferior Court of Common Pleas did, upon the trial of said issue before them, give it in charge to the said jury, duly empannelled and sworn, as aforesaid, to try the said issue; that, according to the evidence in the said cause, to the said jury given, and by the laws of the land, the plaintiff below, the said Isaac Counter, was entitled to recover the one-fifteenth part of the residue of the personal estate of the said Harmanus Counter, deceased. Whereas, by the said evidence, and the law of the land, the said plaintiff was entitled to recover only the one-tenth of the one-sixth of the aforesaid residue.

2. That the verdict and judgment were given for the plaintiff for the one-fifteenth of the said residue, whereas, by the law of the land, the said verdict and judgment should have been given for no more than the one-tenth of the one-sixth of the said residue.

The case was submitted to the decision of this court, without argument, upon the following state of the case.

The plaintiff below, the said Isaac Counter, prosecuted the defendants in the Inferior Court of Common Pleas of the county of Morris, to recover his share of a certain bequest in his grandfather's will, the said Harmanus Counter, deceased.

The said will, and the accounts of the said executors, as settled in the Orphans' Court of the county of Morris, were given in evidence (*pro ut* the same. The bequest in the will, upon which the question arose, sufficiently appears in the opinion of the Chief Justice.)

It was admitted by the parties in the cause, on the trial, that Peter Counter, the father of the said Isaac Counter, the plaintiff, and who is named in the said will, was dead at the date of the said will, leaving ten children, all living at the time of the said trial, of whom the said plaintiff was one; that Susannah and Anna Mandeville, in the said will named, are grandchildren of the said testator; and further, that a refunding bond was duly tendered by the plaintiff to the defendants, upon the commencement of the said suit.

The plaintiff then rested his cause. The court, upon this, gave it in charge to the jury, that the plaintiff, by the said will of Harmanus Counter, deceased, was entitled to recover the one-fifteenth part of the residue of the personal estate of the said Harmanus Counter, deceased; to which the defendants excepted, and prayed a bill of exceptions to the said opinion of the court, and it was allowed and sealed. The jury rendered a verdict for the plaintiff, according to the said opinion of the court.

*Frelinghuysen*, for plaintiff in error.   *Ford*, for defendant.

The Chief Justice delivered the opinion of the court.

KIRKPATRICK, C. J.   It appears by the state of this case, and by the inspection of the will in question, that Harmanus Counter, the testator, had two sons, Henry and Peter, and five daughters, Sarah, Anna, Susannah, Elizabeth, and one who married one Mandeville, who is now deceased; that Peter, one of the sons, died before the date of this will, leaving ten children, who were then living, and were still living at the time of this trial; that after making provision for all the surviving children, and having given, also, the plantation on which Peter had lived in his lifetime, to two of his sons, the testator makes the following bequest: "*Item*, it is my will, that all the remainder of my moveable estate shall be equally divided: that is to say, Henry Counter, and the heirs of my son Peter Counter, Anna Roome, Susannah Berry, Elizabeth Dodd and Sarah Counter."

And the question is, whether the children of Peter, under this bequest, shall take *per stirpes* or *per capita?* or, in other words, whether the whole ten shall take their father's share only, being the one equal sixth part? or, whether each of them shall take an equal share with Henry and his sisters? In the one case, the plaintiff would be entitled to the one-fifteenth part of this remainder, and in the other, to the one-

sixtieth part only. And if we were not a little perplexed with the cases in the books, I think we should have no diffi-culty in deciding this question.

The case of *Blackler* v. *Webb, et al.*, (2 *Per Wil.* 383) is that upon which the plaintiff principally relies for a distri-bution *per capita.* That case, however, differs from this in its circumstances, and in the words of the bequest. There the testator bequeaths the surplus of his personal estate " equally to his son James, and to his son Peter's children, to his daughter Traverse's, and to his daughter Webb's children, and his daughter Man." And the Lord Chancel-lor, after much doubt, determined that the division should be *per capita*, and that each of the children of the testator's son Peter, and of his daughter Webb, should take an equal share with his son James and his daughters Traverse and Man. The reason given is, that the grandchildren could not take under the statute of distributions, or in allusion thereto, because the testator's daughter Webb was still living, and so her children could not represent her.

The very ground upon which this case was determined, therefore, does not exist in the one before us, for here Peter was dead before the making of the will; and, besides, the bequest is not to the *children* of Peter but to his *heirs*, a term which always carrys with it the idea of representation, which the term *children* does not do.

In the case of *Phillips* v. *Garth*, (3 *Brown Ch. Rep.* 64) Buller, justice, sitting for the Lord Chancellor, seems to rec-ognize this case of *Blackler* v. *Webb, et al.*, as good law, and to found his opinion principally upon it, and he decrees accordingly. But there was an appeal to the Lord Chan-cellor, and finding, upon the argument, that he leaned much the other way, the cause was compromised by the parties, with the advice, no doubt, of the able counsel who advocated the cause.

The truth is, that this decision in the case of *Blackler* v. *Webb, et al.*, though made by no less a man than Lord

Chancellor King, is in itself a very extraordinary decision, and such a one as, I think, would hardly be made by any court at this day. It is somewhat shaken by the case of *Phillips* v. *Garth*, above cited; and, to make the most of it, it can give the rule only in cases exactly like itself; and of these, the one before us, as has been shewn, is not one.

When we get ourselves completely disentangled from this case; and when we consider that the testator had, in his lifetime, given to each of his sons a plantation for his use and occupation; that by this will he devised to his son Henry the one which he had given to him, and to two of the sons of his son Peter, the one which he had given to him, and made other equivalent provision for his daughters, and then directs, that the remainder of his moveable estate shall be *equally divided between his son Henry and the heirs of his son Peter*, and his surviving daughters. When we consider the plain simple meaning of the words of this bequest, in the order in which they stand, and the manifest intention of the testator, to be deduced, as well from the circumstances of the case as from the words themselves, I think we cannot hesitate to say, that the children of Peter are to take *per stirpes*, as the representatives of their father, and not *per capita;* and, of course, that this plaintiff, being one of those children, is entitled to one-tenth part of one-sixth part of the said remainder only, and not to one-fifteenth of the same.

This judgment, therefore, must be reversed.

Rossell, J., concurred.

His Honor Justice Ford having been the presiding judge of the Common Pleas, when the judgment below was rendered, gave no opinion.